PUBLIC DEFENDER SERVICE CORPORATION, Plaintiff

v.

PHILIP H. JACOBSEN, Defendant

Civil Case No. 686-78

Superior Court of Guam

September 22, 1978

---

ABBATE, *Presiding Judge*

### DECISION AND ORDER

Plaintiff moved this court on September 15, 1978, to disqualify Daniel Del Priore, Acting Deputy Attorney General, or any other attorney in the employ of the Attorney General's Office, from acting as counsel for defendant in the above-entitled action. Both the plaintiff, through its attorney of record, Ruth Hall, Esq., and the defendant, through his attorney of record, Daniel R. Del Priore, Esq., submitted memoranda of points and authorities in support of their respective positions as to this issue. In addition to his memorandum of points and authorities, defendant submitted for the court's consideration a letter dated September 21, 1978, and signed by the Honorable Ricardo J. Bordallo, Governor of Guam, stating in pertinent part, "It is in the interest of the government of Guam that I authorize the Office of the Attorney General to represent General Jacobsen in the [above-entitled] suit. * * * The authority for my authorization stems from § 7007 of the Government Code of Guam."

Oral argument on the plaintiff's motion was held on September 22, 1978, before the undersigned. Plaintiff's position, stated generally, is that the above-entitled action has been brought against the defendant in his individual capacity, rather in his capacity as the Acting Attorney Gen-

eral of the territory of Guam. This being the case, plaintiff argues, the Office of the Attorney General is without the capacity to represent the defendant under the laws of the territory of Guam.

■ Defendant's position, stated generally, has two main thrusts. Defendant first argues that the current posture of this action is that plaintiff has merely petitioned for leave to file its complaint in quo warranto, but that the said petition has not yet been heard. This being the case, defendant argues, there is no action currently pending against the defendant and thus plaintiff's motion to disqualify defendant's counsel is premature. This argument overlooks the reality of the situation at hand. Plaintiff has filed in this court the necessary papers to institute its action in quo warranto against the defendant, and although that petition has not yet been heard, it is clear that the instant litigation has in fact ensued. This court therefore finds defendant's first argument unpersuasive.

■ Defendant next argues that the Office of the Attorney General has the capacity to represent the defendant herein under the statutory authority of § 7007(b) of the Government Code of Guam, which reads in pertinent part as follows:

> (b) Nothing herein shall be interpreted to preclude the participation of the Attorney General in any litigation in order to protect the interests of the government of Guam. . . .

Counsel for defendant argues that the above-mentioned letter from Governor Bordallo indicates the interest of the government of Guam in the above-entitled action, and that therefore the Office of the Attorney General has the capacity to represent the defendant herein. The court finds this second argument equally unpersuasive.

With all due deference to Governor Bordallo's opinion as to what constitutes "the interest of the government of

Guam", the facts remain that the government of Guam is not a party to the instant action and that the instant action has been filed against the defendant as an individual, not against the defendant in his capacity as the Acting Attorney General of the territory of Guam. Were this court to permit the Office of the Attorney General to represent the defendant herein on the basis of Governor Bordallo's assertions as set forth in the above-mentioned letter, then nothing in logic would prevent the Governor of Guam from asserting "the interest of the government of Guam" in *any* lawsuit that might be brought in this court and on that basis instruct the Office of the Attorney General to represent one party or another in such a lawsuit. Such is clearly not within the statutory scheme of Title VIII, Chapter 1 of the Government Code of Guam.

■ This court having read the memoranda of points and authorities submitted by the parties, and having heard argument upon the issues raised by the plaintiff's instant motion to disqualify counsel, this court is of the opinion that plaintiff's motion is meritorious and that defendant's arguments in opposition thereto are unpersuasive. It is therefore

ORDERED, that plaintiff's motion to disqualify Daniel Del Priore, Esq., or any other attorney in the employ of the Office of the Attorney General of the territory of Guam, from acting as counsel for defendant in the above-entitled action be, and it is hereby, GRANTED. Mr. Del Priore shall notify defendant of such disqualification personally or by registered mail, and submit proof of such notice to this court on or before Tuesday, September 26, 1978.

ORDERED, that defendant's request for an order requiring plaintiff to post a cash bond in the amount of $10,000.00 prior to proceeding with its suit, in that the said request is based upon a provision of the California

562

Code of Civil Procedure which is of no force or applicability in the territory of Guam, be, and it is hereby DENIED.